[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14514
Non-Argument Calendar

_____

BIA No. A79-489-455

HARY BEDJE METAYER,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 28, 2008)**

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Hary Bedje Metayer is a native and citizen of Haiti. An Immigration Judge ("IJ") denied his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") §§ 208(a), 241(b)(3), and under Article 3 of the U. N. Convention Against Torture ("CAT"), and ordered his removal. The Board of Immigration Appeals ("BIA") thereafter affirmed the IJ's decision. Metayer, proceeding pro se, now seeks review of the BIA's decision.

In his brief, Metayer advances four arguments:

First, he satisfied his burden of proof for political asylum by showing (1) an imputed political opinion due to his uncle's membership in the Organization for the People in Trouble ("OPL"); (2) he was a member of the "Reassembling of the Young Friends of Jean Rabel" ("RJAJ"), a group that actively denounced support of the Lavalas; and (3) he made anti-Lavalas statements on the radio and partook in a demonstration protesting the incarceration of RJAJ supporters. He asserts that the Lavalas made constant threats against him which, taken in the aggregate, rose to the level of persecution and established his well-founded fear of future persecution. He contends that the Lavalas has the capability of punishing him if returned to Haiti, and future persecution is therefore likely.

Second, he satisfied his burden of proof for withholding of removal under the INA and the CAT, as he will more likely than not be persecuted upon return to Haiti based on the Lavalas's pattern of persecuting individuals with whom Metayer

2

is similarly situated, that is, those who are affiliated with well-known and outspoken journalists.

Third, the IJ erred in relying on Metayer's asylum interview as part of her basis for finding Metayer not credible.

Fourth, he was tortured, as defined under the CAT, when he was beaten on more than one occasion, and that he cannot safely relocate within his own country.

Absent a cognizable exception, we lack jurisdiction to consider arguments presented in a petition for review that were not presented to the BIA on appeal. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that petitioner failed to exhaust his administrative remedies where he did not raise argument in notice of appeal or brief before the BIA). The record before us reveals that Metayer failed to present to the BIA his arguments that the IJ erred (1) in denying him withholding of removal under the INA and the CAT, (2) in relying on his asylum interview in making her credibility determination, and (3) in rejecting his testimony that he will more likely than not be persecuted if returned to Haiti because of the Lavalas' "pattern or practice" of persecuting individuals with whom he is similarly situated. We therefore dismiss Metayer's petition as to these claims. What remains is Metayer's claim that he should have been granted asylum.

We review the BIA's decision as the final agency determination unless the BIA has expressly adopted the IJ's decision. In that case, we review the IJ's

3

decision as well. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007) (internal citations omitted). Here, because the BIA expressly adopted the IJ's decision as the final agency determination, without opinion, we review the IJ's decision.

"A factual determination by the [IJ] that an alien is statutorily ineligible for asylum or withholding is reviewed under the substantial evidence test." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283 (11th Cir. 2001) (internal quotations and citations omitted). "This means we must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (internal quotations omitted). Accordingly, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." Ruiz 479 F.3d at 765 (internal quotations omitted).

The Attorney General or Secretary of Homeland Security has discretion to grant asylum if the alien meets the definition of "refugee," as defined by 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality, or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

4

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory ''refugee'' status, and thereby establishing asylum eligibility. Al Najjar, 257 F.3d at 1284.

"To establish asylum [eligibility] based on past persecution, the applicant must prove (1) that [he] was persecuted, and (2) that the persecution was on account of a protected ground." Silva v. U.S. Atty. Gen., 448 F.3d 1229, 1236 (11th Cir.2006). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground." Id. (internal and quotation marks omitted). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (internal quotations omitted). Cumulative escalating physical assaults and verbal threats, however, may qualify as persecution. See Mejia v. U.S. Atty. Gen., 498 F.3d 1253, 1257-58 (11th Cir. 2007); Delgado v. U.S. Atty. Gen., 487 F.3d 855, 861-62 (11th Cir. 2007).

5

An IJ's credibility determination is also reviewed under the substantial evidence standard. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). An adverse credibility determination does not however relieve the IJ of her duty to consider other evidence presented by the asylum applicant. Id. If the applicant "produces other evidence of persecution. . .the IJ must consider that evidence. . . ." Id.

Substantial evidence supports the findings of the IJ, affirmed by the BIA, that Metayer was not credible and failed to meet his burden of proof to establish past persecution or a well-founded fear of future persecution on account of his political opinion. Because the record does not compel a contrary finding, the BIA's decision denying Metayer asylum is due to be affirmed.

**PETITION DISMISSED, in part, DENIED, in part.**